UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LANDMARK TRUCKS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-286-TWP-HBG |
| MARINE CROSS COUNTRY, INC., | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 14] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 13]. The Court addressed the Motion on May 17, 2019. For the reasons more fully explained below, the Court **RECOMMENDS** Plaintiff's Motion [**Doc. 13**] be **GRANTED** and that Plaintiff be awarded $135,679.20 in damages, which includes attorney fees in the amount of $17,679.20.

### I.  BACKGROUND

The Court will begin with the allegations in the Complaint and then turn to the procedural history of this case.

####   A.  Allegations in the Complaint

The Verified Complaint [Doc. 1] in this matter was filed on July 10, 2018, by Landmark Trucks, LLC. The Plaintiff entered into a Vehicle Lease and Service Agreement ("VLSA") with the Defendant in 2012. The Complaint states that the Defendant breached the VLSA, and that Defendant owes past due payments. In December, 2017, Plaintiff loaned the Defendant $76,193.00 pursuant to a Promissory Note ("the Note"). The Complaint states that the Defendant

made two monthly payments under the Note and then defaulted. The Plaintiff claims that the Defendant owes the balance due under the Note. The Verified Complaint was filed as a sworn account [Doc. 1-1].

### B. Procedural History

Defendant was served with process in August, 2018. [Doc. 8]. Defendant did not respond to the lawsuit, and therefore, Plaintiff moved for entry of default. The Clerk entered a default on December 13, 2018. [Doc. 12]. Plaintiff filed the instant Motion on March 25, 2019. [Doc. 13]. Specifically, Plaintiff's Motion requests default judgment with respect to Defendant's breach of the VLSA, and for Defendant's default on the Note. The Motion requests a total damages amount of $117,981.92 and attorney's fees and costs of 15% thereof, specifically, $17,697.28, as recovery of attorney fees are provided by the terms of the VLSA and the Note. In support of the Motion, Plaintiff filed an Affidavit of Account signed by Cindy Kyte, the Controller of the Plaintiff. [Doc. 13-1].

Subsequently, on April 12, 2019, the undersigned issued a show cause Order [Doc. 15], directing Defendant to appear before the Court on May 17, 2019, to show cause why a default judgment should not be entered against it. On May 17, 2019, Plaintiff appeared in Court; the Defendant did not. The Court found the Motion well-taken, and the Court found that the damages and attorney fees requested should be granted in the final judgment. [Doc. 16].

2
Case 3:18-cv-00286-TWP-HBG   Document 18   Filed 06/10/19   Page 2 of 3   PageID #: 61

## II. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[1] as follows:

1. Plaintiffs' Motion for Default Judgment [**Doc. 13**] be **GRANTED**;

2. That judgment in the total amount of $117,981.92, plus post-judgment interest be awarded to Plaintiff:

3. That Plaintiff be awarded their attorney's fees and expenses in the total amount of $17,697.28; and

4. That Plaintiff be directed to file a Bill of Costs should judgment be entered in its favor.

The Clerk of Court is **DIRECTED** to send Defendant a copy of this Report and Recommendation at the address provided in Plaintiffs' Motion for Default Judgment [Doc. 13].

Respectfully submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).